UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SILVIA PERFETTI,<br><br>  Plaintiff,<br><br>v.<br><br>CONNECTICUT ORTHOPAEDIC SPECIALISTS, P.C., PHILIP A. MINOTTI, M.D., AND HOWMEDICA OSTEONICS CORP. D/B/A STRYKER ORTHOPAEDICS,<br><br>  Defendants. | Civil Action No. 3:23-cv-75 |

**DEFENDANT HOWMEDICA OSTEONICS CORP.'S
<u>NOTICE OF REMOVAL</u>**

Defendant Howmedica Osteonics Corp. ("HOC") (incorrectly named as "Howmedica Osteonics Corp. d/b/a Stryker Orthopaedics") hereby removes this action from the Superior Court of the State of Connecticut, Judicial District of New Haven at New Haven, Case No. NNH-CV23-6129059-S, to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, HOC states as follows:

**I.  INTRODUCTION AND FACTUAL BACKGROUND**

1.  Plaintiff's Complaint seeks to recover monetary damages against HOC for personal injuries under various theories of torts and products liability related to a total hip replacement component known as the ABG II Modular-Neck Hip Stem (the "ABG II Modular") (*See* Plaintiff's December 15, 2022 Complaint (the "Complaint") as Served on Defendant HOC attached hereto as

**Exhibit A**, Part II "Claims against Howmedica Osteonics Corp. D/B/A Stryker Orthopaedics under the Connecticut Products Liability Act.")

2. Critically, the ABG II Modular is the subject of a vast *pending* Multidistrict Litigation that was originally formed on June 12, 2013 in the District of Minnesota before the Honorable Donovan W. Frank. (MDL No. 2441, *In Re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*) (the "ABG II/Rejuvenate Modular MDL" or the "MDL"). A copy of the June 12, 2013 Transfer Order of the United States Judicial Panel on Multidistrict Litigation, centralizing proceedings in all actions involving the ABG II Modular in MDL No. 2441 is attached hereto as **Exhibit B**. Cumulatively, thousands of lawsuits seeking damages for personal injury brought on behalf of plaintiffs who were implanted with either an ABG II or Rejuvenate Modular have been filed or transferred to the MDL pending before Judge Frank.

3. In addition to HOC, Plaintiff Perfetti has fraudulently misjoined resident-defendants Connecticut Orthopaedic Specialists, P.C. and Dr. Philip A. Minotti (the "Healthcare Defendants") in order to defeat diversity. This misjoinder is plain on the face of the Complaint. Indeed, the very structure of the Complaint, with Part I dedicated solely to medical negligence claims against the Healthcare Defendants, and Part II dedicated solely to the product liability claims against HOC under the Connecticut Products Liability Act ("CPLA"), clearly demonstrates that Plaintiff's claims against the Healthcare Defendants and HOC are legally and factually distinct. *See* Conn. Gen. Stat. § 52-49; Fed. R. Civ. P. 20. This Court, therefore, should ignore the citizenship of the Healthcare Defendants for purposes of establishing diversity jurisdiction, which will allow the ABG II Modular product liability claims against HOC to proceed in the pending MDL, which was established specifically to manage such lawsuits.

4. In the alternative, under Rule 21 this Court can retain jurisdiction of the product liability matter against HOC by severing the medical malpractice claims against the Healthcare Defendants, each of which is a dispensable party in this proceeding as defined by Rule 19. This exact relief has been ordered by federal district courts throughout the country that have been presented with similar plainly misjoined healthcare providers and device manufacturers in the setting of pending federal multidistrict litigations. *See, e.g., Sullivan v. Calvert Mem'l Hosp.*, 117 F.Supp.3d 702, 707 (D. Md. 2015); *Mayfield v. London Women's Care, PLLC, et al.*, Case No. 15-19-DLB, 2015 WL 3440492 (E.D. Ky. May 28, 2015); *Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 872 (N.D. Ohio 2009). Indeed, federal courts have found that the overwhelming policy interests in favor of transferring claims to pending MDLs for consolidation with similarly situated plaintiffs support the severing and remand of dispensable parties such as the Healthcare Defendants. *See Sullivan* 117 F.Supp.3d at 707.

5. Plaintiff filed the initial Complaint on or about December 15, 2022, in the Superior Court of Connecticut, Judicial District of New Haven at New Haven, Case No. NNH-CV23-6129059-S. (*See* **Ex. A**.)

6. HOC was served with the Complaint via its registered agent CT Corporation on or about December 21, 2022. (*See* **Ex. A** for a copy of the Summons and Complaint as served on HOC.)

7. HOC has filed this motion within thirty (30) days of service of Plaintiff's Complaint. HOC's Notice of Removal is therefore timely. 28 U.S.C. § 1446(b)(1).

## II.  FEDERAL JURISDICTION

10. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and the action is removable under the provisions of 28 U.S.C. § 1441(b) in that, excluding the

3

misjoined Healthcare Defendants, it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. In this case, the presence of in-state and non-diverse defendants Connecticut Orthopaedic Specialists, P.C. and Dr. Philip A. Minotti is not a bar to removal because the Healthcare Defendants are fraudulently misjoined. Without the misjoined Healthcare Defendants the remaining product liability matter against HOC may proceed in the pending federal MDL relating to the subject medical device.

A. **The Amount in Controversy Requirement is Satisfied**

11. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758, H.R. Rep. No. 112-10, 16 (2011) (noting "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met"). A removing defendant need only show "a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).

12. It is facially evident from the Complaint that the amount in controversy exceeds $75,000. As against HOC, Plaintiff alleges she was implanted with an ABG II Modular hip system in June 2011 and required a surgery to remove the device (also known as a "revision surgery") in May 2021 due to its alleged failure. (Pl. Compl., Part II, Introduction ¶7; 14.) Plaintiff further alleges she suffered myriad injuries as a result of the use and removal of the ABG II Modular, including among others: (1) "severe osteolysis, necrosis, adverse local tissue reaction, and pain;" (2) permanent mobility issues including the loss of the use of her leg, the permanent use of a wheelchair, and the loss of the ability to stand and walk; (3) loss of independence; (4) loss of

4

income and ability to work; and (5) "past, present, and future physical and mental pain and suffering." (*Id.* at ¶15; 17-22; 24-26.) Plaintiff further alleges that she has incurred and will incur "considerable sums for hospitalization, medication, medical care and treatment, [and] therapy," and further alleges that she now lives in an assisted living facility. (*Id.* at ¶16; 23.) Accordingly, Plaintiff seeks damages from HOC that include past, present, and future pain and suffering, emotional distress, medical and nursing expenses, surgical expenses, lost wages, and loss of earning capacity. (*See id.* Part II, Count Four ¶45; Count III ¶46; Count IV ¶46; Count V ¶45, Count VIII ¶50). Plaintiff further demands punitive damages against HOC under the CPLA, (*see id.*, Part II, Count IX), which is "not to exceed an amount equal to twice the damages awarded to the plaintiff." Conn. Gen. Stat. § 52-240b.

13. Although HOC denies any liability to Plaintiff, the allegations of pain and suffering, present and future medical expenses, impairment, loss of earnings and earning capacity, and punitive damages clearly place more than $75,000 in controversy. As such, it is facially apparent from Plaintiff's Complaint that the amount-in-controversy exceeds the jurisdictional minimum.

**B. Complete diversity of citizenship exists between Plaintiff and properly joined HOC.**

11. Plaintiff is a resident citizen of the State of Connecticut. (Pl. Compl., Part I, ¶1; Part II, Introduction ¶1.)

12. Defendant HOC is a New Jersey corporation with its principal place of business in Mahwah, New Jersey. (Pl. Compl., Part II, Introduction ¶2.) Therefore, HOC is a citizen of New Jersey. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

13. Upon information and belief, based on Plaintiff's allegations in the Complaint, the improperly joined defendant Connecticut Orthopaedic Specialists, P.C. is alleged to be a

Connecticut corporation with its principal place of business in Hamden, Connecticut. (Pl. Compl., Part I, ¶2.) Therefore, Connecticut Orthopaedic Specialists, P.C. is a citizen of Connecticut. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

14.     Upon information and belief, based on Plaintiff's allegations in the Complaint, the improperly joined defendant Dr. Philip A. Minotti is alleged to be an employee of Connecticut Orthopaedic Specialists, P.C. with a principal place of business in Hamden, Connecticut. (Pl. Compl., Part I, ¶3.) Therefore, Dr. Minotti is a citizen of Connecticut.

15.     However, as set forth in greater detail below, Plaintiff fraudulently misjoined the Healthcare Defendants and their citizenship must be disregarded. Specifically, it is clear from the face of the Complaint that Plaintiff's medical negligence claims against the Healthcare Defendants set out in Part I of the Complaint are legally and factually distinct from the CPLA claims set out against HOC in Part II of the Complaint and do not meet Connecticut's permissive joinder standard under Conn. Gen. Stat. § 52-97. *See, e.g., Mancinone v. Allstate Ins. Co.*, No. 3:20-CV-00082-KAD, 2020 WL 5709675 (D. Conn. Sept. 24, 2020). Thus, the Healthcare Defendants' presence in this action does not destroy diversity jurisdiction or prevent removal to this Court.

16.     Accordingly, this action involves "citizens of different States." *See* 28 U.S.C. § 1332(a)(1)-(2). Because Plaintiff is a Connecticut citizen and no properly joined defendant is a citizen of the State of Connecticut, removal of this action is proper under 28 U.S.C. § 1441(b).

i.     *The Connecticut Healthcare Defendants Are Fraudulently Misjoined, and Their Presence Will Not Defeat Diversity.*

17.     The Healthcare Defendants' misjoinder is evident on the face of the Complaint. Fraudulent misjoinder may be found when "a plaintiff purposefully attempts to defeat removal by joining together claims against two or more defendants where the presence of one would defeat

6

removal and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." *Kips Bay Endoscopy Ctr., PLLC v. Travelers Indem. Co.*, No. 14-CV-7153-ER, 2015 WL 4508739, at *6 (S.D.N.Y. July 24, 2015) (quoting *Sons of the Revolution in New York, Inc. v. Travelers Indem. Co. of Am.*, No. 14-CV-03303-LGS, 2014 WL 7004033, at *3 (S.D.N.Y. Dec. 11, 2014) (internal quotation marks omitted)). While the Second Circuit has not formally adopted fraudulent misjoinder, it also has not rejected it and, in fact, fraudulent misjoinder has been applied either explicitly or implicitly by several district courts within the Circuit, including recently in the District of Connecticut. *See Mancinone*, 2020 WL 5709675; *Kips Bay*, 2015 WL 4508739*; Sons of the Revolution*, 2014 WL 7004033; *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357, 378-79 (S.D.N.Y. 2006); *In re Zyprexa Prods. Liab. Litig.*, MDL No. 1596, 04-cv-1615, 2004 WL 2812095, at *4-5 (E.D.N.Y. Dec. 3, 2004); *In re Rezulin Prods. Liab. Litig.*, MDL 1348, 2003 WL 21276425, *1-2 (S.D.N.Y. June 2, 2003); *In re Rezulin Prods. Liab. Litig.*, 168 F.Supp.2d. 136, 144-4 (S.D.N.Y. 2001).

18.     Importantly, the misjoinder does not need to be "egregious," nor does the court need to find that the plaintiff acted in bad faith in order to justify application of fraudulent misjoinder. *Mancinone*, 2020 WL 5709675, at *7. Rather, a determination that a plaintiff's claims do not satisfy Connecticut's permissive joinder standard provides a sufficient basis for a district court to sever and remand the claims against a non-diverse Connecticut defendant while retaining jurisdiction over the diverse defendant. *Id.; see also In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d. at 147-48.

19.     Under Connecticut law, a plaintiff "may bring several causes of action in the same complaint where, *inter alia*, the 'claims whether in contract or tort or both, aris[e] out of the same transaction or transactions connected with the same subject of the action' and '[t]he several causes

of action . . . affect all the parties to the action . . .'" *Id.* (quoting Conn. Gen. Stat. § 52-97). The *Mancinone* court further noted that the Connecticut joinder standard is substantially similar to Rule 20, which permits defendants to be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transactions, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise out of the action." *Id.* (quoting Fed. R. Civ. P. 20(a)(2)).

20. Plaintiff's Complaint clearly does not satisfy Connecticut's joinder standard. Accordingly, application of fraudulent misjoinder to this matter is appropriate. Specifically, Plaintiff's Complaint is divided into two parts – Part I solely asserts medical negligence claims against the Healthcare Defendants and Part II solely asserts claims against HOC under the CPLA. In particular, Part I focuses on the Healthcare Defendants' alleged failure to adequately monitor, diagnose, warn, and treat the Plaintiff, and rests solely on the theories of negligence and recklessness. Part II substantially tracks the Master Long Form Complaint in the MDL and alleges claims solely related to HOC's alleged manufacture, design, labeling, and sale of the ABG II Modular and asserts claims sounding in negligence, negligence *per se*, strict products liability – defective design, strict products liability – manufacturing defect, strict products liability – failure to warn, breach of express warranty, breach of warranty as to merchantability, breach of implied warranties, and punitive damages under the CPLA. (*See* Pl. Compl., Part II Count Four; Count II- Count IX.)

21. Federal Courts throughout the country, including multiple courts in the Second Circuit, have found in strikingly similar cases (including involving the same hip product) that pure medical negligence claims against a non-diverse defendant and pure product liability claims against a diverse manufacturing defendant are legally and factually distinct. As a result, the

application of fraudulent misjoinder is warranted. *See, e.g., In re Stryker Rejuvenate and ABG II Hip Implant Prods. Liab. Litig.*, 13-cv-2441-DWF-FLN, 2013 WL 6511855, at *4 (D. Minn. Dec. 12, 2013) (finding non-diverse hospital defendants improperly joined with product liability claims against manufacturer and applying fraudulent misjoinder because such claims do not involve common questions or law or fact and do not meet Rule 20's permissive joinder standard); *Joseph*, 614 F. Supp. 2d 868; *Sutton v. Davol*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) (applying fraudulent misjoinder where product liability claims against the manufacturers were "separate and apart" from the medical malpractice claims against the non-diverse defendants); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, No. 0:05-md-1708, 2007 WL 2572048, at *2 (D. Minn. Aug. 30, 2007) (finding fraudulent misjoinder where plaintiff asserted medical malpractice claims against non-diverse healthcare provider); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, No. 0:05-md-1708, 2007 WL5377783, at *6 (D. Minn. June 4, 2007) (same); *Sires v. Eli Lilly & Co.*, No. 5:05-cv-117, slip op. at 7, 2005 WL 1239636 (E.D. Ky. May 24, 2005) (finding plaintiff's complaint did not establish Rule 20 nexus between diverse manufacturer's and non-diverse healthcare provider's conduct and severing claims pursuant to Rule 21); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004) (finding improper joinder of medical malpractice claims against a non-diverse doctor with product liability claims against diverse drug manufacturer); *In re Rezulin*, 2003 WL 21276425, at *1-2 (finding non-diverse physician improperly misjoined with claims against drug manufacturer); *Stone v. Zimmer, Inc.*, No. 09-80252, 2009 WL 1809990 (S.D. Fla. June 25, 2009) ("The joinder of the malpractice claim against [the doctor] and the [pain management center] with the product liability claim against [the product manufacturer] is thus inappropriate because these claims do not both involve common questions of law or fact and do not assert joint, several or alternative liability arising out

of the same transaction, occurrence or series of transactions or occurrences." (Internal quotation marks omitted)); *see also DeGidio v. Centocor, Inc.*, No. 3:09-cv-00721, 2009 WL 1867676, at *3-4 (N.D. Ohio June 29, 2009) (finding medical malpractice claims against non-diverse healthcare defendants unrelated to product liability claims against diverse drug manufacturer due to different legal standards and factual allegations); *In re Zyprexa*, 2004 WL 2812095, at *4-5 (severing product liability claims from "substantially dissimilar" claim for unconstitutional denial of medical treatment against jailers and healthcare providers).

22.     Application of fraudulent misjoinder is particularly compelling where, as here, there is a pending federal multidistrict litigation before a court that is well versed in the parties, claims, issues, and history of the litigation, which has been pending for almost a decade. *See Sutton*, 252 F.R.D. at 504 ("Defendants' legal and factual position is compelling especially in the context of MultiDistrict Litigation."); *see also In re Stryker*, 2013 WL 6511855, at *4; *In re Guidant*, 2007 WL 2572048, at *2.

23.     Like the cases cited above, Plaintiff's claims against the non-diverse Healthcare Defendants do not arise out of the same transaction or occurrence as the products liability claims against HOC. These claims, therefore, are legally and factually distinct. Indeed, the medical negligence claims alleged against the Healthcare Defendants in Part I of the Complaint require evidence regarding Plaintiff's care, treatment, and services provided by the Healthcare Defendants, and any representations made by the Healthcare Defendants to the Plaintiff. Conversely, Plaintiff's totally separate Part II CPLA claims against HOC will require evidence as to the development, manufacture, and testing of the ABG II Modular, as well as HOC's knowledge, warnings, and disclosures associated with the device. Any liability that may be found against the Healthcare Defendants would not be a basis for liability as to HOC (and *vice versa*),

and separate liability as to each could be found. Accordingly, these claims do not "affect all the parties to the action" as required by Conn. Gen. Stat. § 52-97. Because Plaintiff's Complaint clearly fails to satisfy Connecticut's permissive joinder rules, the Healthcare Defendants are plainly fraudulently misjoined. Accordingly, there is complete diversity between the Plaintiff and the properly joined defendant HOC, and removal of this action is proper under 28 U.S.C. § 1441(b).

### C. The Court May Also Retain Jurisdiction by Severing Claims Against the Dispensable Healthcare Defendants.

24.     This Court can also sever Plaintiff's claims against the Healthcare Defendants and remand solely those claims to the state court without considering the issue of fraudulent misjoinder. *See, e.g., Sullivan*, 117 F.Supp.3d at 707; *Mayfield*, 2015 WL 3440492; *Joseph*, 614 F.Supp.2d at 872; *DeGidio*, 2009 WL 1867676; *In re Zyprexia*, 2004 WL 2812095.

25.     Federal courts have the authority to drop non-diverse parties under Rule 21 to achieve complete diversity so long as the non-diverse party is not indispensable under Rule 19. *Call Cntr. Tech., Inc. v. Grand Adventures Tour & Travel Pub. Corp.*, 635 F.3d 48, 51 (2d Cir. 2011) (applying Connecticut law); *see also Harrier Tech., Inc. v. CPA Global Ltd.*, No. 3:12-CV-00167-WWE, 2013 WL 452679, at *2 (D. Conn. Feb. 6, 2013). A party is a necessary party under Rule 19 if "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." Fed. R. Civ. P. 19(a)(1) & (2)(i)-(i); *see also Harrier Tech.,* 2013 WL 452679, at *2.

26. As noted above, the Healthcare Defendants clearly are not necessary parties because the resolution of the claims against them would not resolve Plaintiff's claims against HOC. *See Mayfield*, 2015 WL 3440492, at *4 (finding Healthcare Defendants were not necessary because

11

"[j]ust as no one from Ethicon was involved with Mayfield's surgery, Dr. Mechas had nothing to do with the design, manufacture or sale of a single pelvic mesh implant"); *see also Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (finding non-diverse doctor who performed implant surgery was not a necessary party to a products liability action against the diverse medical device manufacturer); *In re Stryker*, 2013 WL 6511855, at *4 (finding severance under Rule 21 appropriate where separate liability as to the non-diverse hospital defendants and HOC could be separately found); *Sullivan*, 117 F.Supp.3d at 707 (severing claims against non-diverse healthcare defendants upon finding that healthcare defendants were not necessary parties to plaintiff's product liability claims against diverse defendant); *DeGidio*, 2009 WL 1867676 (severing medical negligence claims against doctor and retaining jurisdiction of product liability claims against drug manufacturer, noting "[s]imply because the Healthcare Defendants are joint tortfeasors does not make them necessary parties"). Indeed, the medical negligence claims brought against the Healthcare Defendants involve wholly different legal and factual issues from the product liability claims against HOC.

27.     While there may be cost and efficiency benefits to having joined defendants, "where a non-diverse party . . . cannot be properly joined under the Federal Rules of Civil Procedure, other interests, such as a defendant's statutory right of removal, prevail over that of permitting a plaintiff's choice of forum." *In re Stryker*, 2013 WL 6511855, at *4. This is especially true in the setting of an existing MDL that is particularly equipped to handle Plaintiff's product liability claims along with several other similarly situated plaintiffs. *Id.* (noting "because of the nature, stage, and progression of this MDL, 'the rights of the parties and interest of justice is best served by severance" pursuant to Rule 21); *see also Sullivan*, 117 F.Supp.3d at 706 (finding severance "particularly appropriate" and serving "critical policy" interests if it permits transfer of

product liability claims to pending MDL); *Sutton*, 251 F.R.D. at 504 (finding diverse defendant's "legal and factual position is compelling especially in the context of MultiDistrict Litigation"); *In re Guidant*, 2007 WL 2572048, at *2 (finding severance pursuant to FRP 21 best served interests of the parties and justice given nature, stage, progression, and settlement in MDL).

28. Because Rule 21 applies to properly joined parties, a finding that the Healthcare Defendants are dispensable is sufficient grounds to sever the claims against them without resolving the issue of whether they are fraudulently misjoined. *See Mayfield*, 2015 WL 3440492, at *12 ("Having concluded that Dr. Mechas and Long Women's Care, PLLC should be severed from this action pursuant to Rule 21, the Court need not address the doctrine of fraudulent misjoinder in this Order."); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *Joseph*, 614 F. Supp. 2d at 874.

29. Accordingly, the claims against the Healthcare Defendants should be severed and remanded to state court pursuant to Rule 21, while this Court retains jurisdiction over the remaining product liability claims against HOC until such time as the case is transferred to the MDL where it can be managed with other similar plaintiffs and claims.

30. By removing this action to this Court, HOC does not waive any defenses, objections, or motions available to them under state or federal law. HOC expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12.

### III. PROCEDURAL COMPLIANCE

31. Copies of the summonses and complaints as served on HOC in accordance with 28 U.S.C. § 1446(a) are attached hereto as **Exhibit A**.

32. Pursuant to 28 U.S.C. § 101, the U.S. District Court for the District of Connecticut is the federal judicial district encompassing the Superior Court of Connecticut, Judicial District of

New Haven, where this suit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

33. The Healthcare Defendants' consent to removal is not necessary because they were improperly joined. 28 U.S.C. § 1446(b)(2)(a).

34. No previous application has been made in this case for the relief requested herein.

35. Written notice of the filing of this Notice of Removal is being served on Plaintiff through her counsel of record, and a copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of the State of Connecticut, Judicial District of New Haven at New Haven. *See* 28 U.S.C. § 1446(d). A copy of the Notice of Filing of a Notice of Removal, excluding the exhibits thereto, that will be filed in the Superior Court is attached as **Exhibit C**.

### IV. CONCLUSION

36. In light of the fraudulent misjoinder of the Healthcare Defendants, there is complete diversity between Plaintiff and HOC and the amount in controversy requirement is satisfied. As a result, this Court has jurisdiction over this action.

### V. JURY DEMAND

37. HOC demands a trial by jury in this action on all issues.

WHEREFORE, HOC gives notice that the matter styled *Silvia Perfetti v. Connecticut Orthopaedic Specialists, et al.*, in the Superior Court of Connecticut, Judicial District of New Haven, is removed to the U.S. District Court for the District of Connecticut, and further submits that this case should be transferred to its proper venue in MDL No. 2441, *In Re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*, in the Federal District Court for the District of Minnesota.

Dated: January 20, 2023                                   Respectfully Submitted,

                                                By:  /s/  Christopher H. Strate
                                                     Christopher H. Strate
                                                     Federal Bar No. CT26931
                                                     Kim M. Catullo
                                                     Nora E. Wolf
                                                     GIBBONS P.C.
                                                     One Gateway Center
                                                     Newark, NJ 07102-5310
                                                     Telephone: (973) 596-4605
                                                     Facsimile: (973) 639-6226
                                                     cstrate@gibbonslaw.com
                                                     kcatullo@gibbonslaw.com
                                                     nwolf@gibbonslaw.com

                                                     *Attorneys For Defendant*
                                                     *Howmedica Osteonics Corp.*

## CERTIFICATE OF SERVICE

   I hereby certify that on January 20, 2023, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. A paper copy of this document will also be sent via electronic and First Class Mail upon the following counsel of record:

        Mr. Andrew J. Pianka, Esq.
        LAW OFFICE OF ANDREW J. PIANKA, LLC
        315 Center Rock Green, Suite 2
        Oxford, CT 06478
        andrew@ajpianka-law.com

        *Counsel for Plaintiff*
        *Silvia Perfetti*

Dated: January 20, 2023                      /s/ Christopher H. Strate
                                                  Christopher H. Strate